# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEREMY DeFOUR**, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00415 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **G. WALKER, ET AL.**, ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants ) | |
| . ) | |

*Jeremy DeFour, Pro Se Plaintiff.*

Jeremy DeFour, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison policies allowed him to be confined in segregation for several weeks in the summer without air conditioning or a fan. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

I.

DeFour's claims concern his confinement in the segregation area of Buckingham Correctional Center (Buckingham) from approximately May 31, 2022, until July 14, 2022, while under investigation.[1] Buckingham, a prison facility

---

[1] DeFour filed this lawsuit in late July 2022. On September 23, 2022, he notified that court that he had been transferred from Buckingham to Red Onion State Prison, where he is currently confined.

operated by the Virginia Department of Corrections (VDOC), is allegedly not equipped with air conditioning in inmate housing areas. Inmates in general population areas may purchase a small fan for about $30.00, if they have funds to do so.

In the segregation area at Buckingham,[2] however, inmates may not use a fan. The segregation cell where DeFour was confined had an 8-inch by 10-inch window with a steel grate over it, with holes less than a quarter-inch across. The cell also had a vent at ceiling level that allegedly "recycles air through the facility mixed with outside air." Compl. 4, ECF No. 1. DeFour states that "if the temperature is 80°-90° and humid the vent lightly blows warm air mixed with inside warm air only adding to the heat in the cell and the stale stagnant air already present," with the window letting in "enough oxygen to stay alive." *Id.* at 4, 5.

DeFour states that these conditions are "severely distressing." *Id.* at 5. He alleges that "[i]t is extremely difficult to catch a deep breath and virtually impossible to do any activity that exerts any energy such as exercising." *Id.* In addition, DeFour claims that he has an unspecified "nasal and sinus injury compounding his inability to breath effectively." *Id.* He alleges that while in the Buckingham segregation unit, his "sheets [were] soaked in sweat and his body as well on a daily basis." *Id.* He

---

[2] DeFour also alleges that Buckingham's housing area utilized for receiving inmates from local jails does not allow fans and that such inmates may be housed in that area for up to 180 days.

asserts that he "suffer[ed] from anxiety disorder and ha[d] panic attacks brought on by stress which frequently happen and he [was] faced daily with another day of the same ahead indefinitely." *Id.* He also complains that VDOC staff are holding inmates for extended periods in segregation, in violation of VDOC policy. DeFour contends that he has informed all of the defendants that "[t]his housing is unbearably hot and filled with severe discomfort, mental anguish, and difficulty breathing. It is energy zapping and demoralizing. It is even virtually impossible to sleep for any extended period through the night even." *Id.* at 6.

DeFour names the following VDOC officials as defendants to his § 1983 claims: Buckingham Chief of Housing G. Walker; Buckingham Correctional Center Warden, VDOC Director Harold Clarke; VDOC Operations Manager Bryant; and VDOC Operations Manager David Robinson. He contends that the policy against fans in segregation at Buckingham constituted cruel and unusual punishment in violation of the Eighth Amendment and denied him equal protection in violation of the Fourteenth Amendment. As relief, he asks the court to declare that "subjecting inmates to extreme heat (temperatures) for punishment is unconstitutional." *Id.* at 7. He also seeks injunctive relief directing the defendants to transition all VDOC prisons to air conditioning and to provide all inmates access to fans. Finally, he seeks punitive damages for the harm he and other inmates have suffered.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To avoid such a dismissal, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

As an initial matter, DeFour cannot pursue § 1983 claims on behalf of other Buckingham inmates who are subject to the policy prohibiting the use of fans in certain housing areas. Because DeFour is not an attorney, he is not permitted to represent any person in federal court other than himself. *Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that pro se person's right to litigate for himself does not create similar right to litigate on behalf of others). Therefore, I will summarily dismiss DeFour's Complaint to the extent that it seeks to litigate claims concerning living conditions for any inmate other than himself.

Second, DeFour states no claim that conditions at Buckingham violated his rights under the Eighth Amendment. This constitutional provision protects prisoners

-4-

from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347, 349. It is well established that "only the unnecessary *and wanton* infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citations omitted). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). The prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

DeFour's allegations describe a temporarily uncomfortable living situation. They do not state facts showing that these conditions caused him serious physical or emotional injury. At the most, DeFour asserts that the heat and humidity he experienced for one and one-half months aggravated his unspecified breathing issue and made it hard for him to exercise or sleep. He does not allege seeking medical

help for any of these discomforts.  I cannot find that DeFour's factual matter supports any viable claim that segregation conditions in  June and July 2022 at Buckingham constituted cruel and unusual punishment under the Eighth Amendment.

DeFour also asserts that the challenged conditions violated his right to equal protection under the Fourteenth Amendment.  The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  This provision "does not take away from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted). Thus, an inmate claiming deprivation of equal protection must show "'that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'"  *Kolbe v. Hogan*, 849 F.3d 114, 146 (4th Cir. 2017) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

Here, DeFour has not alleged any facts suggesting that he has been treated differently from others with whom he is similarly situated or "in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  Indeed, by his own description, all segregation inmates are housed under circumstances identical to those he experienced — a small cell window without air conditioning or an electric fan.  Nor

does DeFour state facts showing that officials imposed these uncomfortable, short-term, summertime conditions on him with any improper animus, such as his race.  I cannot find any support for an equal protection claim.

Finally, DeFour contends that the defendants' practices of holding inmates for unspecified periods in the segregation housing area somehow violate VDOC policies.  Allegations that prison officers occasionally violate prison policies or procedures do not state any § 1983 claim against them.  *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (finding that state official's "failure to abide by [state] law is not a federal due process issue"); *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies [is] not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation.").

For the reasons stated, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED:  December 1, 2022

/s/  JAMES P. JONES
Senior United States District Judge